# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Devon Alexander | ) | Case No. 2:18-mj-00121 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

**SEALED**

**FILED**
NOV − 2 2018
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 16, 2018__ in the county of __Kanawha__ in the __Southern__ District of __West Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 922(g)(1) | felon in possession of a firearm |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Det. A.D. Aldridge, MDENT, CPD
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/02/2018

_____
*Judge's signature*

City and state: Charleston, West Virginia     Dwane L. Tinsley, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT

I, Adam Aldridge, being first duly sworn, do hereby depose and state as follows:

1. I have been employed by the Charleston Police Department for approximately 4 years, and am currently assigned to the Metropolitan Drug Enforcement Network Team ("MDENT"). As a Detective for the Metro Drug Unit, I am charged with enforcing the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), the West Virginia Uniform Controlled Substance Act, and other state and federal criminal statutes.

2. I have received extensive training in narcotics investigations, including the Reid Interview and Interrogation Techniques Course (Basic and Advanced) and the Desert Snow Criminal, Narcotics & Terrorism Interdiction Workshop. I have also received training in firearms use and handling, and firearms-related investigations.

3. In my capacity as an MDENT detective, I perform various tasks which include, but are not limited to:

    a. functioning as an undercover agent primarily for the purpose of obtaining information concerning drug traffickers and the inner working of drug organizations;

    b. functioning as a surveillance agent observing and recording movements of persons trafficking in drugs and those suspected of trafficking in drugs;

    c. functioning as a case agent, which entails the supervision of specific investigations;

    d. tracing monies and assets gained by drug traffickers from the illegal sale of drugs; and

    e. interviewing witnesses and informants relative to the illegal traffic of drugs and the distribution of monies and assets derived from the illegal traffic of drugs.

4. During my tenure with the Charleston Police Department, I have investigated numerous cases involving the use, consumption, sale and possession of illegal controlled substances. I routinely deal with the investigation of trafficking and possession of various controlled substances including methamphetamine, cocaine, cocaine base ("crack"), heroin, pharmaceuticals, and other street drugs. As a result, I am intimately familiar with the appearance, packaging, and paraphernalia associated with controlled substances. Through my training and experience, I have also become familiar with user versus distribution-level amounts of controlled substances. I have conducted and supervised numerous "controlled purchases" of narcotics, through which I have become familiar with the habits, techniques, procedures, and organization of drug traffickers.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents/officers and witnesses. This affidavit is intended to demonstrate that there is sufficient evidence to establish probable cause for this warrant and does not set forth all of my knowledge about this matter.

6. On or about August 14, 2018, MDENT made a controlled purchase of methamphetamine from an individual known as "V" at 408A Wyoming St., Charleston, Kanawha County, WV (hereinafter, the "Wyoming Street Residence").

7. Based in part of that controlled purchase, an MDENT detective acquired a search warrant for the Wyoming Street Residence on August 14, 2018.

8. I participated in the execution of that warrant on August 16, 2018.

9. Upon entering the Wyoming Street Residence, I encountered three males on couches in the family room. While other MDENT officers secured those individuals, I continued to clear the Wyoming Street Residence.

10. I encountered Devon ALEXANDER in a bedroom in the rear part of the Wyoming Street Residence.

11. When I entered the bedroom, I saw ALEXANDER attempt to stuff a black object underneath the mattress of the bed. He stopped and fled towards a door in the back of the bedroom. When ALEXANDER was partly out of the door, I saw him throw the black object over a banister and into the front yard of the Wyoming Street Residence.

12. A DEA agent observed ALEXANDER from outside of the Wyoming Street Residence, also saw ALEXANDER throw the black object over the banister.

13. Officers immediately recovered the black object that ALEXANDER had in his possession when I encountered him – and which he subsequently threw over the banister and into the front yard of the Wyoming Street Residence – and determined that it was a Citadel 1911-A1 FS, .45 caliber semi-automatic handgun (the "Firearm").

14. ALEXANDER was convicted on or about August 15, 2012, in the Court of Common Pleas of Summit County, Ohio, of tampering with evidence, in violation of Ohio Revised Code § 2921.12(A)(1). That is a crime punishable by a term of imprisonment exceeding one year.

15. ALEXANDER is, under 18 U.S.C. § 922(g), prohibited from possessing any firearm that has travelled in and affected interstate commerce.

16. An agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives conducted an investigation and determined that the Firearm was manufactured outside of the state of West Virginia, and has travelled in and affected interstate commerce.

17. Charleston, Kanawha County, West Virginia is within the Southern District of West Virginia.

18. Based on the above-stated information, your affiant submits that there is probable cause to believe that on or about August 16, 2018, ALEXANDER possessed the Firearm in violation of 18 U.S.C. § 922(g)(1).

Further your Affiant sayeth naught.
Respectfully submitted,

*[signature]*
Detective Adam Aldridge
Metropolitan Drug Enforcement Network Team

Sworn to me and subscribed in my presence this 2nd day of November, 2018.

*[signature]*
Dwane L. Tinsley
United States Magistrate Judge